MARY JACOBSEN, APPELLEE, v. CITY OF OMAHA, APPELLANT.

FILED NOVEMBER 9, 1907. No. 14,957.

1. **Cities: INJURY: NOTICE.** A statutory notice is·not rendered void by the inclusion of surplusage which has not misled the party notified to his prejudice.

2. **Appeal: EVIDENCE.** Incompetent testimony concerning a matter about which there is no dispute is not ground for reversal.

3. **Cities: WALKS: ABANDONMENT.** In the circumstances of this case there appears to have been no abandonment or vacation of a pathway for pedestrians along which the city had previously constructed and maintained a sidewalk.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*H. E. Burnam, I. J. Dunn* and *J. A. Rine,* for appellant.

*W. H. De France, contra.* -

AMES, C.

Along a certain portion of the south side of St. Mary's avenue, near its intersection with Jackson street, in the city of Omaha, the city had, until some time in 1898, maintained a wooden sidewalk between these two streets

and Nineteenth street. There was at this place a triangular tract of ground, which the city bought in the year named and devoted to street purposes, and the tract thus became a junction place for the three streets; the sidewalk space thus became the hypothenuse of a right angle triangle, of which the outer boundaries of Jackson street and Nineteenth street were the other two sides. Immediately after the purchase, the city caused the tract, including the sidewalk strip mentioned, to be paved with wooden blocks set upon a concrete bed or base, thus adapting the whole to vehicular traffic, but it did not then or thereafter take any official or formal action purporting to be a vacation or abandonment of the strip as a public way or sidewalk for foot passengers, and the public have continuously used it as such from thenceforward, although there were properly maintained sidewalks on Jackson and Nineteenth streets, along the other two sides of the triangle. After a short time the wooden blocks rotted away, and the surface of the concrete bed became worn and uneven with holes and protuberances, so that the same was, and was permitted to remain, an unsafe passageway for pedestrains. After this state of affairs had existed for some time, and while it continued, the plaintiff, in the day time, and with the exercise of care and caution, having in view the dangers of her situation, attempted to walk along this strip from St. Mary's avenue to Jackson street, which was covered with a light blanket of snow, then falling, when she slipped or stumbled on one of the protuberances and fell to the ground, suffering personal injuries, to recover damages for which this action was brought. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

So far as we can understand from the briefs of counsel, there is no substantial dispute about the foregoing facts, and we think they are established without contradiction and are all that require to be considered on this hearing. There are four alleged errors urged by counsel for appellant in his brief. One of them is to this effect: A statute

provided that such an action should not be maintained, unless within a specified time after the accident there should have been served upon the city a written notice of the injury, and of the nature and extent thereof, and of the time when and place where it had occurred. A notice was served in due time, which recited all that the statute required, but proceeded to state, as a cause of the accident, that the sidewalk was negligently and defectively constructed and maintained, and ice and snow had been permitted to accumulate thereon. This additional matter was irrelevant to the requirement of the statute and so mere surplusage, of which the city may not complain, unless it was misled thereby to its prejudice, and the record does not show it to have been so. All that counsel complains of is that it might have done so, which is perhaps true, but there is no present practical occasion for speculating about it. The petition charges that the defendant "negligently failed to construct or maintain a sidewalk or safe way for foot travel along and in front of said triangular tract of ground and in St. Mary's avenue, which failure covered a period of about four years." This allegation informed the defendant of the exact nature of the wrong complained of, which, as we have said, was proved without substantial, if any, contradiction. We do not think it a detraction from the sufficiency of the pleading or proof that the city had, until four years previously maintained a sidewalk along the strip mentioned. We do not think it a case involving the question whether the city is compelled to construct and maintain a walk upon a pathway voluntarily chosen by pedestrians, but which is not and has never been set apart for such use by the city. This pathway had been so set apart and been so used until the space was paved with wooden blocks, and such pavement, as long as it was kept in repair, doubtless served well enough the purposes of pedestrians so that the pavement itself did not operate to withdraw it from such use or to warn foot passengers that it had been abandoned therefor, which in fact it had not been.

Jacobsen v. City of Omaha.

Another contention is, that the plaintiff was guilty of contributory negligence in continuing to pursue the way after she discovered its dangerous condition, but the danger was not so great or so imminent as to render such use negligence *per se*. The plaintiff testified that she employed such care and circumspection after she discovered the condition of the way, which she did not do until after she had entered upon it, as prudence and care for her own safety seemed to require. The question was one for the jury, which they have answered in her favor, and we think the evidence in that regard supports their verdict.

Finally, it is objected that the court permitted a witness to testify that the condition of the pathway, several months after the happening of the accident, was rough and uneven. If there had been any substantial conflict as to its having been in that condition at the time of the accident, the objection would, perhaps, be well taken, but we think the matter is clearly beyond dispute, so that the error, if any, was without prejudice.

We do not discover that the court failed to submit the issues fairly to the jury or committed any other prejudicial error, and we recommend that the judgment be affirmed.

CALKINS, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.